GORBATY, J.,
dissents in part, with reasons.
hi disagree with the trial court’s finding and the majority’s agreement that the third appraisal was not a true appraisal, but rather was an arbitration. My reading of the evidence submitted indicates that Mr. Benton’s use of the term “third party arbitrator” was unfortunate, because his methods and determinations are consistent with performing an appraisal. Further, the fact that both Landry’s appraiser and the Levee Board’s appraiser signed off on the July 2005 appraisal without reservation, indicates that Mr. Benton’s work constituted an appraisal in accordance with the lease.
I do agree with the majority’s finding that the rent owed by Landry’s should be abated from August 28, 2005, to December 31, 2005. I do not, however, agree that the rent beginning January 1, 2006 should be reduced. The lease entered into by these two sophisticated parties, represented by counsel, did not have a force majeure clause or any other provision to provide for an event such as Hurricane Katrina. Therefore, I find that the lease provisions should be followed and that Landry’s should be ordered to pay $210,000.00 annually beginning January 1, 2006.
For the foregoing reasons, I respectfully dissent in part.